

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COURTLAND CHANNELL, § | | |
| Plaintiff, § | | |
| § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 5:19-cv-00172-MGL | |
| § | | |
| ANDREW SAUL, § | | |
| Commissioner of Social Security § | | |
| Administration, § | | |
| Defendant. § | | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING DEFENDANT'S DECISION, AND REMANDING THE CASE TO
DEFENDANT FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

This is a Social Security appeal in which Plaintiff Christopher Courtland Channell seeks judicial review of the final decision of Defendant Andrew Saul (Saul) denying his claim for supplemental security income. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be reversed and this case be remanded for further administrative proceedings as detailed in the Report. The Magistrate Judge filed the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 5, 2019, and Saul filed a reply on December 17, 2019, stating he would not be filing any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Saul's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings as set forth in the Report.

**IT IS SO ORDERED**.

Signed this 17th day of December, 2019, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE